## Taylor v. Department of Corrections

*Steven Laynas,* for plaintiff.
*Daniel G. Ronca, deputy attorney general,* for the Commonwealth.

MOORE, *J.,* March 19, 1991—Plaintiff, who was an inmate at the State Correctional Institute at Graterford, filed suit against the Pennsylvania Department of Corrections for injuries allegedly sustained as a result of a slip and fall in the gymnasium

at the prison. The complaint alleges negligence on the part of the Commonwealth and seeks damages for the fall which occurred as a result of the presence of an unspecified liquid substance on the gymnasium floor. The complaint does not allege that the fluid was placed on the floor by any agents of the Commonwealth. The Commonwealth filed preliminary objections in the nature of a demurrer raising the defense of sovereign immunity. This court sustained the Commonwealth's demurrer and dismissed plaintiff's complaint. Plaintiff appealed this court's decision to the Commonwealth Court.

The sole issue is whether a routine slip-and-fall case in which there is no allegation of any inherent defect in Commonwealth-owned real estate falls within any exception to sovereign immunity. The statute provides as follows:

"(b) *Acts which may impose liability*—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

"(4) *Commonwealth real estate, highways and sidewalks*—A dangerous condition *of* Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraphs (5)." 42 Pa.C.S. §8522. (emphasis supplied)

Initially it should be noted that any exceptions to the rule of sovereign immunity are limited in scope and must be strictly construed to effectuate the clear legislative intent to insulate the Commonwealth's exposure to unlimited tort liability. *Snyder v. Har-*

*mon,* 522 Pa. 424, 562 A.2d 307 (1989). *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987).

The Supreme Court of Pennsylvania in the *Snyder* case analyzed the limited nature of the real property exception to sovereign immunity under section 8522(b)(4) and stated as follows:

"Because the General Assembly intended to exempt the Commonwealth from immunity only in specific clearly defined situations we must strictly construe this real property exception." *Snyder* at 433, 562 A.2d 311.

The appellate courts have interpreted the language of section 8522(b)(4) to require "a dangerous condition *of* Commonwealth real estate" to limit the Commonwealth's liability only to dangerous conditions which are inherent in or emanate from the Commonwealth-owned real estate. *Ambacher v. Penrose,* 92 Pa. Commw. 401, 499 A.2d 716 (1985). *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989).

The landmark case of *Ambacher v. Penrose,* which was a slip-and-fall case, held that a municipality was immune when a plaintiff sustained injuries from slipping on a fence located *on* a sidewalk. The court reasoned that the defective condition which caused the fall existed on the sidewalk but was not an inherent defect of the sidewalk and therefore the exception to immunity was not applicable.

The Commonwealth Court further held in the case of *Bowles v. SEPTA,* 135 Pa. Commw. 534, 581 A.2d 700 (1990), which was also a slip-and-fall case, that frost located on a trolley platform was not the type of dangerous condition of real property which would fall within the purview of any exception to the rule of sovereign immunity. The significant limitation of tort liability provided by sovereign immunity was

further clarified, in the case of *Gallagher v. Bureau of Corrections,* 118 Pa. Commw. 516, 545 A.2d 981 (1988). That case involved a suit by an inmate for damages when his finger was severed as a result of an accident involving the bars and doors of a prison cell. The Commonwealth Court determined that although the cell bars were fixtures and as such part of the property; however, this was not a dangerous condition of the real estate which would establish liability against the Commonwealth.

The Supreme Court of Pennsylvania succinctly summarized the principles at law applicable in the area of sovereign immunity in the case of *Snyder v. Harmon* when it stated:

"The unambiguous language of section 8522(b)(4) in relevant part provides 'A dangerous condition of Commonwealth agency real estate. . . .' These key words indicate that a dangerous condition must derive, originate from or have as its source the Commonwealth realty. . . ." *Snyder* at 433, 562 A.2d at 311.

Applying the law to the facts of the present case, it is clear that plaintiff's case, which is based on an alleged slip and fall on an unspecified fluid of unknown origin, cannot legally be construed to be a type of dangerous defect of Commonwealth real estate which would fall within the purview of any of the exceptions to sovereign immunity under section 8522(b)(4). To reach a contrary conclusion would require this court to ignore the clear legislative mandate of section 8522(b)(4) and disregard a long line of appellate decisions which have narrowly construed exceptions to sovereign immunity. The effect of such a conclusion would be to place the Commonwealth in the same position as any other landowner in the defense of premises liability cases.

This court's decision upholding the Commonwealth's claim of sovereign immunity is correct and should be affirmed.